UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| RYAN ZURAKOV, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>MCKENZIE, PAUL AND ASSOCIATES, INC.,<br><br>        Defendant. | Case No.: 20-cv-684<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Ryan Zurakov is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from that Plaintiff a debt incurred for personal, family, or household purposes.

5. Defendant McKenzie, Paul and Associates, Inc. ("McKenzie") is a foreign business corporation with its principal place of business located at 111 West Anderson Lane, Building E, Suite 350, Austin, TX 78752.

6. McKenzie is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. McKenzie is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

8. McKenzie is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9. On or around December 7, 2019, McKenzie mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

10. Upon information and belief, the alleged debts referenced in <u>Exhibit A</u> were incurred as the result of a transaction for personal medical services with an agreement to defer payment. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'"); *see also, e.g., Kelly v. Montgomery Lynch & Assocs.*, 2008 U.S. Dist. LEXIS 30917, at * 9-10 (N.D. Ohio Apr. 15, 2008) ("The debt at issue in this case involves financial expenses incurred … in exchange for medical services …. Pursuant to this debt, the Plaintiff was offered the right to receive medical services and to defer payment on those financial obligations. This is a classic transaction out of which debts arise under the FDCPA.").

11. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter used by Defendant to attempt to collect alleged debts.

13. Upon information and belief, <u>Exhibit A</u> is the first written communication that Defendants sent to Plaintiff regarding the alleged debt to which <u>Exhibit A</u> refers.

14. <u>Exhibit A</u> includes the following representation:

> **Original Creditor: MEDICAL EXPRESS**

15. <u>Exhibit A</u> further states:

> Despite repeated requests from our client, your account remains unpaid, and your file has now been transferred to this office for action.

16. <u>Exhibit A</u> includes no other readily apparent references to the creditor of Plaintiff's alleged debt or any person or entity on behalf of whom McKenzie is attempting to collect such debt.

17. <u>Exhibit A</u> contains contradictory and confusing representations about the identity of the creditor to whom the debt is owed.

18. An unsophisticated consumer would not know whether the "transfer" from original creditor Medical Express to Defendant was a conveyance of title or an assignment for collection purposes. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 320 (7th Cir. 2016).

19. Upon information and belief, the "transfer" was a standard assignment for collection purposes only, and "Medical Express" was the creditor of the debt when <u>Exhibit A</u> was mailed.

20. Confusing and misleading representations about the name of the creditor are material misrepresentations because they create the potential for fraud or double-payments. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324-25 (7th Cir. 2016).

21. For this reason, courts hold that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim

when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis. Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal*, 2013 U.S. Dist. LEXIS 105355, at *12-13; *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3; *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July 25, 2016); *Datiz v. Int'l Recovery Assocs.*, No. 15-cv-3549, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. July 27, 2018), *adopted by,* 2018 U.S. Dist. LEXIS 163290 (E.D.N.Y. Sept. 24, 2018); *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *7-11.

22. The Seventh Circuit held in *Janetos* that a debt collector does not clearly identify the current creditor if its letter states that a debt is "transferred" to the debt collector without expressly identifying the current creditor:

> Nowhere did the letter say that Asset Acceptance currently owned the debts in question. Asset Acceptance was identified as the "assignee" of another company, not as the current creditor or owner of the debt. The letter went on to say that the referenced account "has been transferred from Asset Acceptance, LLC to Fulton, Friedman & Gullace, LLP." These statements simply did not say who currently owned the debts. Instead, each recipient was left to guess who owned the debt following the "transfer" of the "account." On its face, then, the letter failed to disclose the information that § 1692g(a)(2) required. The district court correctly recognized this ambiguity, noting that the word "transfer" could mean either conveyance of title or assignment for collection, and that the letter did not "suggest any particular form or method of conveyance."
>
> . . .

4

> [E]ven where a consumer would recognize Asset Acceptance as having owned the debt at some time in the past (perhaps from pre-lawsuit collection efforts or the lawsuit itself), the form letter said that the "account" had since been "transferred" from Asset Acceptance to Fulton. Defendants do not explain how, in light of this language, an understanding of Asset Acceptance's former role would have shown its current role.

*Janetos*, 825 F.3d at 831-22 (citations omitted).

23. As in *Janetos*, the recipients of letters in the form of <u>Exhibit A</u> would "find themselves obliged to guess who currently owned the debts in question." *Janetos*, 825 F.3d at 323. Even assuming Medical Express is the current creditor and "some might correctly guess that [Medical Express] was the current creditor, [] a lucky guess would have nothing to do with any disclosure the letters provided. Compliance with the clear requirements of § 1692g(a)(2) demands more." *Id.*

24. If anything, the representation that Medical Express was the *original* creditor implies that Medical Express had conveyed title to Defendant. *See Bentkowsky v. Benchmark Recovery Inc.*, No. 13-cv-01252-VC, 2014 U.S. Dist. LEXIS 191481, at *2 (N.D. Cal. Oct. 28, 2014) ("The letter identified Bank of the West as the "Original Creditor," but it did not identify anyone as the "current" creditor. . . . If anything, the letter implies that the current creditor is someone different from the "Original Creditor," such as, perhaps, Benchmark itself.").

25. As another court observed under similar circumstances:

> The designation 'original creditor,' without any mention of the current creditor, unduly enhances the authority of the debt collector. A credulous consumer might very well be warned away from trying to settle his debt with the creditor directly. This doesn't just hurt the consumer. It illegally enhances the profitability of Defendant at the expense of law-abiding debt-collectors, which is exactly the sort of unfair competition the FDCPA was designed to counteract.

*Anderson v. Ray Klein, Inc.*, No. 18-11389, 2019 U.S. Dist. LEXIS 63759, at *7-8 (E.D. Mich. Apr. 10, 2019).

26. Furthermore, Exhibit A includes the following representation:

> Verification of the debt or name and address of the original creditor will be provided if requested in writing within thirty (30) days from your receipt of this letter, otherwise this debt will be assumed to be valid.
>
> If we do not receive payment or you do not notify us that you dispute the amount, in writing, within thirty (30) days of receipt of this letter, we will be forced to proceed further to collect this debt. If you cannot pay in full by then, but intend to pay, call me immediately at (512) 420-0677 to stop further collection procedures against you.

27. The above representations to some degree reflects the statutorily required debt validation notice under 15 U.S.C. § 1692g (the "validation notice"), but the language fails to effectively convey the substance of such notice in a number of ways.

28. Specifically, 15 U.S.C. § 1692g(a) provides, in relevant part:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29. Beyond the language reproduced above, Exhibit A includes no other language which effectively conveys the information included in the validation notice provided by FDCPA, 15 U.S.C. § 1692g.

6

30. No other written notice was provided to Plaintiff by Defendant within five days of receiving Exhibit A.

31. Exhibit A fails to convey effectively each of a consumer's rights under the FDCPA, 15 U.S.C. § 1692g.

32. Exhibit A falsely states that McKenzie may assume the alleged debt is valid unless Plaintiff submits a dispute to McKenzie "in writing" even though a consumer is not required to put a dispute in writing to obtain some of the dispute protections under the FDCPA. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 347 n.6 (7th Cir. 2018); *see also Riccio v. Sentry Credit, Inc.*, App. N. 18-1463, 2020 U.S. App. LEXIS 10073, at *11 (3d Cir. 2020) (collecting cases and finding "we no longer think § 1692g(a)(3) requires written disputes.").

33. Additionally, Exhibit A states: "If we do not receive payment or you do not notify us that you dispute the amount, in writing, within (30) days of receipt of this letter, we will be forced to proceed further to collect this debt."

34. Finally, Exhibit A states: "If you cannot pay in full by them but intend to pay, call me immediately at (512) 420-0677 to stop further collection procedures against you."

35. Plaintiff was misled and confused by Exhibit A.

36. The unsophisticated consumer would be misled and confused by Exhibit A.

### ***The FDCPA***

67. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting

7

*Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("Spuhler I") ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l& Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13

(N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lanev. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)).For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

68. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

69. Misrepresentations of the character, amount or legal status of any debt, including language confusing or obscuring purported settlement offers, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.,* 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable*

9

*Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

70. 15 U.S.C. § 1692e generally prohibits: "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

71. 15 U.S.C. § 1692e(2)(a) specifically prohibits debt collectors from making false representations about "the character, amount, or legal status of any debt."

72. 15 U.S.C. § 1692e(10) specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. 15 U.S.C. § 1692g(a) provides, in relevant part:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

10

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## COUNT I – FDCPA

73. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

74. Exhibit A identifies "MEDICAL EXPRESS" as the "Original Creditor" who "transferred" the debt to Defendant without identifying the current creditor.

75. Exhibit A contains false, deceptive, misleading, and confusing representations regarding the identity of the creditor.

76. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(2).

## COUNT II – FDCPA

67. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

68. Exhibit A does not effectively state the consumer's rights under the FDCPA, 15 U.S.C. § 1692g.

69. Exhibit A states that McKenzie is not entitled to assume Plaintiff's alleged debt is valid only if Plaintiff submits a dispute to McKenzie "in writing."

70. Exhibit A states: "If we do not receive payment or you do not notify us that you dispute the amount, in writing, within (30) days of receipt of this letter, we will be forced to proceed further to collect this debt."

71. Exhibit A states: "If you cannot pay in full by them but intend to pay, call me immediately at (512) 420-0677 to stop further collection procedures against you."

72. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692g(a)(3)-(5), and 1692g(b).

## CLASS ALLEGATIONS

73. Plaintiff brings this action on behalf of two classes.

74. Class I consists of: (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) where the letter was mailed between May 1, 2019 and May 1, 2020, inclusive, and (d) that was not returned by the postal service

75. Class II consists of: (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) with an "Original Creditor" listed as "MEDICAL EXPRESS," (d) where the letter was mailed between May 1, 2019 and May 1, 2020, 2020, inclusive, and (e) was not returned by the postal service.

76. Each class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

77. There are questions of law and fact common to class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

78. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

79. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

80. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

81. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 1, 2020

        **ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

13